UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

L.S.,

    Plaintiff,

v.    Case No. 8:16-cv-2127-T-35TBM

CARLOS LOPEZ, individually,

    Defendant.
                               /

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on referral for an evidentiary hearing on damages following the grant of default judgment. (Doc. 20 at 4). The evidentiary hearing was held April 26, 2017. As explained below, it is **RECOMMENDED** that default judgment be entered in favor of Plaintiff and against Defendant Carlos Lopez in the total amount of $400,000.00, exclusive of fees and costs.

**I.**

Plaintiff initiated this action on July 25, 2016, asserting that Carlos Lopez, a former sheriff's deputy, violated her civil rights by battering and sexually assaulting her while responding to a call at her home in his official capacity (Count I).[1] (Doc. 1, ¶¶ 8-23). Plaintiff sought compensatory damages, punitive damages, and attorney's fees and costs. (*Id.* at 3).

---

[1] Plaintiff also asserted a claim of battery against the Sheriff of Pasco County, Florida (Count II). (Doc. 1, ¶¶ 24-30). The claim was dismissed without prejudice pursuant to a notice of voluntary dismissal. (Doc. 13).

Lopez was served with process, but failed to respond or otherwise defend against the claim. (Doc. 16). The Clerk entered default against Lopez on November 11, 2016. (Doc. 18).

The district judge granted Plaintiff's Motion for Default Judgment (Doc. 19) on February 6, 2017, finding that Plaintiff sufficiently alleged a § 1983 claim against Lopez because while she did "not recite the precise right claimed to be violated, the facts at the very least clearly establish a Fourth amendment claim, which is protected under the Constitution or laws of the United States and which Defendant Lopez clearly and admittedly violated through his actions." (Doc. 20 at 3-4). The determination of the amount of damages is now before the undersigned. *Id.* at 4.

**II.**

On default judgment, the plaintiff bears the burden of demonstrating she is entitled to recover the amount of damages sought. *Wallace v. The Kiwi Grp., Inc.,* 247 F.R.D. 679, 681 (M.D. Fla. 2008). She also "must establish that the amount of damages is reasonable under the circumstances." *Patray v. Nw. Publ'g, Inc.,* 931 F. Supp. 865, 869 (S.D. Ga. 1996) (quotation omitted). The court is responsible for determining the amount and character of damages. *Wallace*, 247 F.R.D. at 681 (citation omitted). The record must adequately reflect a legitimate basis for the amount of damages awarded. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). In the usual course, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the court is required to hold an evidentiary hearing to fix the amount of damages. *S.E.C. v. Smyth,* 420 F.3d 1225, 1231 (11th Cir. 2005).

In a § 1983 action such as this, a plaintiff may be awarded damages for monetary loss, physical pain and suffering, and "demonstrated mental and emotional distress, impairment of

reputation and personal humiliation." *Slicker v. Jackson,* 215 F.3d 1225, 1231 (11th Cir. 2000) (citations omitted); *see Wright v. Sheppard,* 919 F.2d 665, 669 (11th Cir. 1990) (providing that "non-physical injuries such as humiliation, emotional distress, mental anguish, and suffering" are compensable under Section 1983). A court may award such monetary damages even if the plaintiff cannot present evidence of out-of-pocket loss or monetary harm. *Slicker*, 215 F.3d at 1229 (citations omitted).

### III.

The evidentiary hearing on damages was conducted April 26, 2017.[2] At the outset of the hearing, Plaintiff's counsel requested $19,080.58 in economic damages related to moving expenses and emergency department care, and $452,000.00 in compensatory damages for emotional distress.[3] Thereafter, Plaintiff and her friend, Greg Moody, testified to her emotional distress.

Plaintiff testified that on the day of the incident, the sheriff's office was summonsed to her home by her mother and Lopez answered the call. She had not had any prior contact with Lopez. As alleged in the Complaint and undisputed by Lopez, Plaintiff testified that Lopez directed her into the garage where, without permission or consent, he kissed her lips and mouth, groped her breasts, and rubbed and penetrated her vaginal area with his finger.

---

[2] Plaintiff served Lopez with a copy of the Amended Notice of Hearing via U.S. Mail on March 21, 2017. (Doc. 23). Lopez did not appear.

[3] Counsel relies on the verdict in *Doe v. Town of Lake Hamilton*, Case No. 93-2037-cv-15A, 1995 WL 685836, (M.D. Fla. May 2, 1995) to support the amount of compensatory damages requested.

Plaintiff did not immediately report the incident. She stated that during the first few days following the incident, Lopez telephoned her three times. In the calls, Lopez continued his abusive conduct, advising her what he would have done to her if others had not been present and what he would do if they got together again. Plaintiff then reported the incident. Lopez was arrested and eventually prosecuted.[4]

According to Plaintiff, the incident left her anxious, fearful, nervous, and unsettled. She had problems with her family, trouble sleeping, and difficulty coping at work and quit her job. She testified she could not remain in her home because of the incident and moved shortly thereafter. She had difficulty settling down and had to move a couple more times. She said the incident has made her fearful of people and the police, and does not want to be around people. She sought assistance from a victim's advocate but did not receive any help. She said she needs counseling, but has not been able to afford it.

In terms of actual losses, Plaintiff testified to $250.58 in costs for renting U-Haul trucks necessary for her moves. She also presented a hospital bill for $18,830.00 for emergency treatment on September 16, 2015. She went to the emergency room because of stomach problems, which she believes are related to her anxiety and eating/sleeping difficulties following

---

[4]Public records reveal Lopez was arrested November 6, 2014, on a complaint of sexual battery by a law enforcement officer, Case No. 2014CF007103CFAXWS. He was charged with attempted sexual battery on December 11, 2014. He pleaded guilty to a lesser charge of felony battery on July 15, 2015, and was sentenced to three years' probation. *See* https://www.civitekflorida.com/ocrs/app/caseinformation.xhtml?query=2YKhdWhydVJngWHxhul3qJ3AB8hsFslb4t6uhSGygm0&from=partyCaseSummary (last visited May 10, 2017).

the incident. She said numerous tests were performed, but she did not get a diagnosis and was discharged after a few hours. (*See* Composite Exhibits 1 & 2).

Plaintiff testified things began to settle down in her life about one year ago. She was working, had been with the same company for a number of months, and was anticipating that the position would evolve into full-time employment with benefits.

Mr. Moody, who has known Plaintiff for about four years, testified next. He said he noticed Plaintiff was having difficulty when she returned to work after the incident. Plaintiff told him what happened and he urged her to call the police and go to HR for assistance. He described Plaintiff as a formerly happy and outgoing individual whose behavior and mental state changed dramatically after the incident. He testified Plaintiff became reclusive, paranoid and nervous with people and the police, and uninterested in going out.

## IV.

### A.

After careful consideration, I find that Plaintiff should be awarded a total of $250,000.00 in compensatory and economic damages.[5] Here, the preponderance of the evidence demonstrates Plaintiff suffered significant mental and emotional distress as a consequence of this sexual assault. Her distress continued rather unabated until about one year ago when things began to settle down in her life. In these circumstances, and based on my review of cases in which law enforcement officers sexually assaulted individuals while on duty or in uniform, I find this sum

---

[5]The connection between the incident and the *several* moves which followed and the hospital bill from approximately one year after the incident are relatively tenuous but, like the rest of the allegations, are unrebutted.

5

a fair and reasonable amount. *See Lewis v. Pugh*, 289 F. App'x 767, 776-77 (5th Cir. 2008) (upholding jury award of $50,000 in emotional damages where the plaintiff was raped by a uniformed officer after accepting a ride home); *Mize v. Tedford*, 375 F. App'x 497, 499-500 (upholding default judgment award of $350,000 in emotional damages to a plaintiff raped by a police officer after a traffic stop); *Rogers v. City of Little Rock Ark.*, 152 F.3d 790, 798 (8th Cir. 1998) (upholding jury award of $100,000 in emotional damages against individual police officer who raped the plaintiff after a routine traffic stop); *Doe v. Whitebread*, No. 3:15-1165, 2017 WL 590272, at *4-5 (M.D. Pa. Feb. 14, 2017) (collecting cases and awarding $100,000.00 in damages on default judgment for emotional harm caused by officer's sexual assault of plaintiff in her apartment following a traffic stop); *see also Nimmons v. Clark*, No. 1:13-cv-03786-WSD, 2015 WL 1191210, at *3-4 (N.D. Ga. Mar. 16, 2015) (collecting cases where damages in the amount of $200,000 or more were upheld as reasonable where inmates suffered psychological distress as a result of sexual assault committed by prison guards).[6]

While counsel suggested a greater sum is warranted, the case on which he relies is distinguishable. In that § 1983 case, a jury awarded the plaintiff $452,500.000 in damages against a municipality based on the conduct of its police officer who had threatened and sexually molested her after a traffic stop. *See Doe v. Town of Lake Hamilton*, Case No. 93-2037-cv-15A, 1995 WL 685836, (M.D. Fla. May 2, 1995). The individual police officer, however, was not a

---

[6]*See, e.g., Mathie v. Fries,* 121 F.3d 808, 813 (2d Cir. 1997) (affirming $250,000 award for plaintiff's sexual abuse by prison guard based); *Parrish v. Luckie,* 963 F.2d 201, 207 (8th Cir. 1992) (affirming compensatory damage award of $200,000 in favor of plaintiff falsely arrested and raped by a police officer in a Section 1983 action); *Ortiz v. Lasker,* No. 08-cv-600iL, 2010 WL 3476017, at *2 (W.D. N.Y. Aug. 30, 2010) (awarding $250,000 in compensatory damages to inmate raped by corrections officer).

defendant, and the verdict was overturned on appeal.  *See Sewell v. Town of Lake Hamilton*, 117 F.3d 488 (11th Cir. 1997) (reversing district court's denial of the town's motion for summary judgment for failing to state a claim for municipal liability).  Consequently, the case does not compel a different result here.

### B.

I also find that Plaintiff should be awarded punitive damages in the amount of $150,000.00.[7]  Punitive damages are available under § 1983 when a "defendant's conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983); *see also Wright,* 919 F.2d at 670.  When awarding punitive damages, the court must consider: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Sepulveda v. Burnside,* 432 F. App'x 860, 864-65 (11th Cir. 2011) (quotation omitted).

Here, Lopez sexually assaulted a citizen he was sworn to protect and serve.  In doing so, he acted with reckless and callous indifference to Plaintiff's federally protected rights.  His conduct on the evening of the assault and in his subsequent contact with Plaintiff was willful, malicious, reprehensible, inexcusable, and warrants an award of punitive damages.  In these

---

[7]Although counsel indicated at hearing that Plaintiff was not seeking punitive damages, Plaintiff pled and sought punitive damages against Lopez in the Complaint.  (Doc. 1 at 3).

7

circumstances, I find an award of punitive damages in the amount of $150,000.00 is supported by the record, is not disparate with the recommended compensatory damage award, otherwise is reasonable in light of the facts of this case, and will serve to punish Lopez for his willful misconduct while deterring others from engaging in similar behavior. It also is in line with punitive damages awarded in similar circumstances. *See Lewis*, 289 F. App'x at 777 (upholding jury award of $250,000 in punitive damages); *Whitebread*, 2017 WL 590272, at *5-6 (awarding $150,000 in punitive damages on default judgment); *see also Mathie,* 121 F.3d at 815 (punitive damages award of $200,000 was reasonable because sexual abuse of an inmate is "reprehensible in the extreme and involved violence and malice"), *Lasker,* 2010 WL 3476017, at *2 (awarding $250,000 in punitive damages against corrections officer who physically and sexually abused an inmate).

## C.

Lastly, because Plaintiff prevailed I find that she is entitled to reasonable attorney's fees and costs associated with pursuing her § 1983 claim against Lopez. Unless otherwise ordered by the presiding judge, within fourteen days of the entry of Judgment in this cause, Plaintiff's counsel shall file a fee petition with supporting billing records and expense invoices and accounting.

## V.

For these reasons, I **RECOMMEND** that Plaintiff be awarded $250,000.00 in compensatory damages and $150,000.00 in punitive damages. I further **RECOMMEND** that the Court direct the Clerk to enter a Final Judgment in favor of Plaintiff and against Lopez in the

total amount of $400,000.00, together with the expenses of this action, and reserving jurisdiction over the award of attorney's fees.

> Respectfully submitted this
> 13th day of May 2017.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES of EXPEDITED OBJECTION PERIOD

A party has <u>SEVEN (7) days</u> from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
The Honorable Mary S. Scriven, United States District Judge
Counsel of record
Carlos Lopez, 14223 Saltby Place, Spring Hill, FL 34609-0739